Johnson, J.
Plaintiff in error claims that under Section 11713, General Code, he was entitled to be certified in the entry of the judgment in the trial court, as bail for the other defendants in the case.
Pertinent parts of that section are as follows:
“When judgment is rendered in a court of record within this state, upon an instrument of writing in which two or more persons are jointly or severally bound, and it is made to appear to the court, by parol or other testimony, that one or more of the persons so bound signed the same as surety or bail for his or . their co-defendant, the clerk of such court, in recording the judgment thereon, shall certify which of the defendants is principal debtor, and which surety or bail.”
Did Crawford sustain such relation to the note and to the proceedings as brings him within the provisions of that section? Was he surety or bail? He did not sign the note originally as “surety or bail for his co-defendant” for he was the original payee of the note. He became guarantor to his transferee, the plaintiff below, by his endorsement on the back of the note.
*45 Strictly speaking he was not “jointly or severally bound by the instrument” itself, but after-wards became bound by the terms of his endorsement, the guaranty of payment signed by him at a time subsequent to the date of the note;
Plaintiff in error, however, in his answer sets up and now insists that in legal effect he was bail on the notes.
The term bail, from inappropriate and colloquial use, has come to have a somewhat indefinite meaning. But the statute from which the above section was taken is old, and the term had a definite and accepted meaning when originally used, and included in the law. Bouvier defines the noun to mean: “Sureties who bind themselves either to satisfy the plaintiff his debt and costs, or to surrender the defendant into custody provided judgment be against him in the action and he fails to do so.”
The term surety really includes the term bail, but bail was a name given to a surety who becomes such in a legal proceeding, criminal or civil, and as used in the above section the term relates to, and was intended to protect a surety who had signed a bond in some legal proceeding.
It is contended substantially, that although the above Section 11713, does not by its terms include a guarantor, yet it includes persons whose liábility is prior to and greater than that of a guarantor, and that the reasonable construction of the statute is, that its benefits should apply to all parties who are secondarily liable, or at least to persons less liable than those whom it specifically designates. *46 It is urged that under Section 3178a of the Negotiable Instruments Code, being Section 8296, General Code, plaintiff in error is such a party and has such relation to the notes sued on in' this case, as entitles him to the benefit of the certificate provided for by Section 11713, General Code, above quoted.
Section 8296, General Code, is as follows: “The person ‘primarily’ liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are secondarily liable.”
Under that section a guarantor is secondarily liable, but that does not assist plaintiff in error in his contention here, or bring him into the class of surety or bail under Section 11713, or entitle him to the certificate provided for by that section, because under the section just quoted (8296) a surety is not secondarily but is primarily liable on the note.
In Richards v. Bank Co., 81 Ohio St., 348, it is held that under the Negotiable Instruments Code passed April 17, 1902, Vol. 95, p. 196, the former rule as to release of surety by extension of time without his consent, and other variation of the contract has been abrogated, and that one who signs a note on the face thereof and who in that way becomes a surety for the principal maker is by force of Section 3178a, Revised Statutes, primarily liable for the payment of such note.
The rights and liabilities of a surety and those of a guarantor are different in many respects.
The surety as shown is primarily liable. He is not entitled to presentment, demand or notice of *47 non-payment, he is jointly and severally bound only by the terms of the instrument and not by a special contract endorsed on the instrument as in the case of guarantor. And yet the surety may at all times show “by parol or other testimony” that he was surety only.
When the plaintiff in error, Crawford, the payee of the note, negotiated and endorsed the note he became liable as endorser, entitled to the rights of an endorser and in addition to that he took on the obligation of guarantor by the words “Payment guaranteed.” And it is only because of the provisions of the code that he can be sued together with the other parties to the note. Of course, the holder of the note might by suing the surety alone .avoid the right of the surety to be certified as such and thus avoid being compelled to exhaust the principal debtor first, because it is only where one is able to show by parol or other testimony that he signed as surety for his “co-defendant” that the statute applies.
In such case it is not competent for the surety by cross-petition, or otherwise, to bring in his principal for the purpose of having the relation of principal and surety certified, although the holder knew of such relation. Wilkins v. Bank, 31 Ohio St, 565.
Nevertheless a guarantor or a surety, who is not so certified, who pays the judgment has the right to be subrogated to the place of the judgment creditor against the principal and all others standing in his shoes. This right is not affected by the statutes providing for the certificate of surety-ship. The statutes are merely in addition to those *48 equitable rights. Hill v. King, Exr., 48 Ohio St, 75.
Crawford did not move for execution first against those primarily liable, and his right to do so is not a question made here. We think it clear that plaintiff in error, Crawford, bound as he was by his contract of guaranty endorsed on the note was not surety or bail for his co-defendants within the terms of this statute.
His was not the same contract as theirs. The secondary character of his liability appeared at once on the pleadings, by the copy of the note and the endorsement on its back. This cannot be said of the surety whose name appears on the face as a maker, and this statute gives an opportunity to a surety to make that appear which otherwise would not. The court cannot read into the statute provisions not within its terms.
For these reasons the judgments below will be affirmed.

Judgments affirmed.

Davis, C. J., Spear, Shauck and Donahue, JJ., concur.